UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT PASLEY, #185340, )
      Plaintiff, )
) No. 1:12-cv-891
-v- )
) HONORABLE PAUL L. MALONEY
PRISON HEALTH SERVICES, )
      Defendant. )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Everett Pasley, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights lawsuit against Defendant Prison Health Services under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment (ECF No. 17), raising the affirmative defense of failure to exhaust administrative remedies. The magistrate judge issued a report recommending the motion be granted, and the lawsuit be dismissed without prejudice. (ECF No. 21.) Plaintiff filed an objection. (ECF No. 22.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Plaintiff does not identify any error in the magistrate's report.  Instead, Plaintiff requests the Court excuse his failure to exhaust administrative remedies because he was (1) uninformed of the requirement for § 1983 claim, and (2) emotionally overwhelmed by the cancer diagnosis.  Plaintiff also asks the Court to consider his situation and the complexity of the relevant law.  As an alternative, Plaintiff requests this Court hold the lawsuit in abeyance while he exhausts his administrative remedies.

Plaintiff's objections are OVERRULED.  The magistrate judge addressed Plaintiff's first reason.  Ignorance of the requirement to exhaust remedies does not excuse the failure to do so.  The Court is unaware of any legal authority, and Plaintiff has provided none, excusing the requirement to exhaust remedies when an individual receives an emotionally overwhelming medical diagnosis.  "Confusion, misunderstanding or mistake by an inmate does not excuse a failure to exhaust, so long as Defendants have not thwarted an inmate's ability to exhaust available remedies."  *Willis v. Mohr*, No. 1:11-cv-808, 2013 WL 1281634, at * 4 n.6 (S.D. Ohio Mar. 26, 2013) (noting that the prisoner plaintiff's records included treatment for mental illness).  The complexities of a § 1983 lawsuit do not excuse Plaintiff's failure to exhaust his administrative remedies.

Plaintiff has not supported his request to hold the action in abeyance until he can properly exhaust the prison's administrative remedies.  When habeas actions are brought under 28 U.S.C. § 2254, the petition may be held in abeyance pending exhaustion of state remedies.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The procedure is only available in limited circumstances, *id.*, and the prisoner must establish good cause for his or her failure to exhaust remedies, *id.*  For the sake of argument only, assuming that the abeyance procedures for habeas petitions may be applied by analogy to prison conditions lawsuits, Plaintiff has not established good cause for holding the

lawsuit in abeyance.

For these reasons, the report and recommendation (ECF No. 21) is **ADOPTED**, over objections, as the opinion of this Court. Defendant's motion for summary judgment (ECF No. 17) is **GRANTED.** The lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative grievances. **IT IS SO ORDERED.**


Date: December 10, 2013 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge